IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| KENNETH E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 12-2760-SHM-dkv |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

_____

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS

_____

On September 4, 2012, the plaintiff, Kenneth E. Price ("Price"), filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964, (*Pro Se* Compl., D.E. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On September 17, 2012, the court issued an order granting Price leave to proceed *in forma pauperis*, (D.E. 3), and subsequently referred the case to the *pro se* staff attorney for screening. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 12.)

Before the court is the November 15, 2012 motion to dismiss of the defendant, United Parcel Service, Inc. ("UPS"). (Def.'s Mot. to Dismiss, D.E. 9.) Price has not filed a response to the motion, but he has requested that the court appoint counsel

to represent him. (*See* Letter, D.E. 11.) For the reasons that follow, it is recommended that Price's complaint be dismissed in full for failure to state a claim upon which relief can be granted.

I. PROCEDURAL AND FACTUAL BACKGROUND

To initiate this action, Price filled out and filed a court-supplied complaint form entitled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Price alleges that UPS discriminated against him on the basis of race and color by (1) failing to employ him, (2) failing to promote him, and (4) terminating his employment. (*Pro Se* Complaint, D.E. 1 ¶ 9.) He listed June 13, 2011, as the date of the alleged discrimination. (*Id.* ¶ 6.) In the space provided on the form for stating the circumstances under which the alleged discrimination occurred, Price wrote nothing. (*See id.* ¶ 10.)

Attached to the complaint is a discrimination charge that Price filed with the United States Equal Employment Opportunity Commission ("the EEOC") on November 30, 2011. The EEOC charge form that Price used provides a list of possible bases for the alleged discrimination, from which list the complainant is instructed to "select appropriate box(es)." On his EEOC charge, Price checked the boxes corresponding to discrimination based on race, retaliation, and disability, but left other boxes, including the box corresponding to discrimination based on color, blank. He then states, in his charge:

> On September 12, 2006, I was hired with [UPS]. I held the position of Off Loader. On February 15, 2011, I was discharged for unacceptable attendance. I requested that I be allowed to take days I had accumulated (February 7 to February 14, 2011) and I was denied the request. Since 2009, I have filed several grievances alleging discrimination based on my race. Prior to my discharge (December 1, 2010), I went out of medical leave due to my disability (FMLA). Management had been informed of my disability and the accommodation needed, but instead I was discharged.
>
> I believe I have been discriminated against because of my race, Black, disability, and in retaliation for complaining of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act, Amendments Act (ADAAA).

(D.E. 1-1 at 2.)

On November 15, 2012, UPS filed the present motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Price's complaint for failure to state a claim upon which relief can be granted.

## II. ANALYSIS

A. <u>Standard for Dismissal under Rule 12(b)(6)</u>

To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to

[the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

B. <u>Claims Based on Color Discrimination, Failure to Hire, and Failure to Promote</u>

UPS contends that Price's claim of color discrimination as well as his claims based on failure to hire and failure to promote should be dismissed because he has not exhausted administrative remedies as to those claims. (Def.'s Mem. Supp. of Mot. to Dismiss, D.E. 9-1 at 3–5.)

"A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust [his] administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). The purpose of this

4

requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731-32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under

5

Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

UPS correctly points out that Price's discrimination charge contains no allegation that UPS failed to hire or to promote him. To the contrary, in fact, Price states that he was hired by UPS on September 12, 2006. There is no mention of any position or promotions that were denied him during his employment. He only alleges that his request to take time off was denied and that he was discharged. Also, as UPS points out, Price did not mark the box on his discrimination charge corresponding to color-based discrimination.

Although Price did mark the box corresponding to discrimination based on race on the charge, "color discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Moore v. Food Lion*, No. 3:06-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007)(quoting *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 n.5 (4th Cir. 2002)). Price's EEOC charge is "devoid of any hint that his particular skin tone motivated the alleged discrimination." *See Bryant*, 288 F.3d at 133 n.5.

6

Even liberally construed, Price's charge fails to "give the EEOC sufficient notice of his [color] discrimination claim" as well as his claims based on failure to hire and failure to promote, "to investigate or facilitate conciliation with his employer" on those claims. *See Knight v. Engert Plumbing & Heating, Inc.*, No. 3:07-CV-415, 2011 WL 3328399, at *5 (E.D. Tenn. Aug. 2, 2011). The EEOC cannot have reasonably been expected, upon consideration of Price's charge, to investigate whether UPS also failed to promote and/or failed to hire Price or whether it took an adverse employment action against Price on the basis of his color. *Cf. Nelson v. Gen. Elec. Co.*, 2 Fed. App'x 425, 428-29 (6th Cir. 2001)(affirming dismissal of failure-to-promote claims because the plaintiff failed to administratively exhaust them by not alleging them in her discrimination charge). Accordingly, it is recommended that Price's claim against UPS for color-based discrimination and his claims based on failure to employ and failure to promote be dismissed for failure to exhaust administrative remedies.

C. <u>Disability Discrimination Claim</u>

UPS also argues that Price has failed to state a claim under the Americans with Disabilities Act, Amendments Act (ADAAA) for disability-based discrimination because, although he alleged such discrimination in his EEOC charge, he did not allege it in his complaint in the present suit. (Def.'s Mem. Supp. of Mot. to Dismiss, D.E. 9-1 at 8 n.1.) However, the

7

Sixth Circuit has held that "exhibits attached to the complaint . . . may be taken into account" in ruling on a Rule 12(b)(6) motion to dismiss and, as particularly relevant here, has, in one instance, reversed a 12(b)(6) dismissal of a discrimination claim where the district court failed to consider the facts alleged in the plaintiff's discrimination charge, which was attached to his complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502-503 (6th Cir. 2001)(internal quotation marks omitted).

Nonetheless, even considering the allegations Price raises in his charge of discrimination, he has failed to state a claim of disability discrimination under the ADAAA. For a complaint to withstand 12(b)(6) dismissal, it "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To state a claim under the ADAAA, Price must allege facts from which the court can plausibly infer that (1) he is an individual with a disability; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of a disability. *Cardenas-Meade v. Pfizer, Inc.*, No. 12-5043, 2013 WL 49570, at *2 (6th Cir. Jan. 3, 2013). In the narrative portion of his EEOC charge, Price states that prior to his discharge, he had been out on FMLA leave due to his disability and that, although UPS management

knew about his disability and his purported need for an accommodation, it determined to discharge him "instead." However, Price also states very clearly that he "was discharged for unacceptable attendance." The factual allegations in his charge fail to provide any connection between his disability and the decision to discharge him. Price simply has not pled facts sufficient for the court to make an inference of causation, and, as causation is an essential element of Price's ADAAA claim, it is recommended that such claim be dismissed.

D.  Race Discrimination Claim

UPS also seeks dismissal of Price's race discrimination claim for failure to state a claim upon which relief can be granted. (Def.'s Mem. Supp. of Mot. to Dismiss, D.E. 9-1 at 5–9.) The essential elements of a Title VII race discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment decision; (3) that he was qualified for the position; and (4) that either similarly situated nonprotected employees were treated more favorably or he was replaced by someone outside his protected class. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). As UPS states, "[t]he sparse factual allegations of [Price's] Charge fail to provide any connection or even inference that his race was somehow connected to his discharge." (Def.'s Mem. Supp. of Mot. to Dismiss, D.E. 9-1 at 8.) Neither does he offer any indication in his

9

complaint or discrimination charge that any non-black employee was treated more favorably than he was or that any non-black individual replaced him in the position he vacated upon discharge. Because Price's complaint is devoid of factual allegations from which the court can infer essential elements, it is recommended that Price's race discrimination claim be dismissed for failure to state a claim.

E.  Retaliation Claim

UPS makes the same argument for dismissal of Price's retaliation claim as it did for dismissal of his disability discrimination claim: that although Price alleged retaliation in his discrimination charge, he did not do so in his complaint. (Def.'s Mem. Supp. of Mot. to Dismiss, D.E. 9-1 at 8 n.1.) However, because Price's discrimination charge, which (as stated above) may be considered in ruling on the motion to dismiss, does allege retaliation, Price's failure to mention retaliation in his complaint is not fatal to his claim.

Still, Price's retaliation claim fails to pass muster under Rule 12(b)(6) standards. To state a claim of retaliation under Title VII, Price must allege that: (1) he acted in a manner protected by Title VII; (2) UPS knew of this exercise of protected activity; (3) UPS subsequently took an adverse action against Price; and (4) the adverse action had a causal connection to the protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Although Price

10

states, in the narrative portion of his discrimination charge, that "[s]ince 2009," he had "filed several grievances alleging discrimination" based on race, he does not offer any connection—such as by providing the dates he filed these grievances, relative to his discharge—between that activity and any adverse employment action on the part of UPS. Therefore, again, it is recommended that Price's retaliation claim be dismissed for failure to state a claim because he has not alleged facts from which the court can infer the essential elements of such a claim.

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that Price's complaint be dismissed in full pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted this 3rd day of May, 2013.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.